UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Kirk Wool, and all other     :
Vermont inmates similarly    :
situated,                    :
          Petitioners,       :
                             :
     v.                      :        File No. 1:05-CV-8
                             :
Steven Gold, Commissioner    :
of the Vermont Department    :
of Corrections,              :
          Respondent.        :


MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 1, 10 and 13)

Kirk Wool, a Vermont inmate currently incarcerated in Kentucky, has filed a *pro se* "Petition for Writ of Habeas Corpus and Injunctive Relief." (Paper 1). In his petition, Wool claims that a private corporation operates the Kentucky facility in which he is incarcerated, and that this corporation is not authorized to conduct disciplinary proceedings with respect to Vermont prisoners. Specifically, Wool alleges that "[t]he Vermont and Kentucky legislators have never approved legislation granting [respondent Steven] Gold the right to subject Vermont inmates to prison disciplinary procedures and punishments at the hands of private individuals." Id. at 1.

Gold has filed an answer and a memorandum arguing for dismissal. (Paper 10). In his memorandum, Gold contends that Wool's filing should be dismissed because (1) he has not exhausted his state court remedies; (2) his habeas petition does not claim that he has been wrongly incarcerated; (3) Gold may contract with private service providers in his role as Commissioner; and (4) Wool has not been subjected to discipline while in Kentucky and therefore lacks standing. In keeping with his second point, Gold acknowledges that the Court might construe Wool's filing as a complaint under 42 U.S.C. § 1983.

In an Order dated July 21, 2005, the Court required Wool to show cause (1) why this case should not be recharacterized as a complaint filed under 42 U.S.C. § 1983, and (2) why this case should not be dismissed for lack of standing. (Paper 12). In its Order, the Court explained that it was

> not clear whether Wool's filing should be construed as a habeas corpus petition or as a civil rights action under 42 U.S.C. § 1983. When a prisoner is seeking to declare disciplinary proceedings invalid, § 1983 is the most appropriate avenue for relief. See Wilkinson v. Dotson, 125 S. Ct. 1242, 1246-47 (2005) (citing Wolff v. McDonnell, 418 U.S.

539, 555 (1974)).  If, however, the relief
sought would mean a shorter period of
incarceration, as in, for example, the
invalidation of a disciplinary proceeding that
had revoked good time credits, the action must
be brought as a habeas petition.  Id. (citing
Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)).
Here, Wool asks that the Court "[o]rder
overturned and expunged all D.R. convictions and
their collaterall [sic] consequences," as well
as an injunction prohibiting Gold from
"subjecting Vermont inmates to so called
disciplinary hearings and punishments, conducted
by private individuals."  (Paper 1 at 2).
Without knowing the nature of the disciplinary
convictions that Wool seeks to have overturned,
the Court cannot properly characterize his
filing.

Id. at 2-3.  With respect to the question of standing,

the Court required Wool to show that he himself had "been

subjected to disciplinary proceedings while in Kentucky.

Absent such an allegation, this Court may not have

jurisdiction to hear his claim."  Id. at 2 (citing

Whitmore v. Arkansas, 495 U.S. 149, 154 (1990)).

On August 15, 2005, Wool filed a "Voluntary

Dismissal Notice" seeking to dismiss this case without

prejudice.  (Paper 13).  Although Wool does not reference

the Court's July 21st Order specifically, his filing

appears to be a response to that Order, as he states in

his notice that "Plaintiff reserves the right to re-file

his Complaint under 42 U.S.C. § 1983 in the future,

should he personally be subjected to prison disciplinary procedures and punishments at the hands of private individuals or corporate entities." <u>Id.</u>

Discussion

The first question for the Court is how to construe Wool's initial filing.  Wool brought this case as a habeas corpus petition challenging disciplinary proceedings.  (Paper 1).  As the Court noted in its previous Order, "[w]hen a prisoner is seeking to declare disciplinary proceedings invalid, § 1983 is the most appropriate avenue for relief.  <u>See</u> <u>Wilkinson v. Dotson</u>, 125 S. Ct. 1242, 1246-47 (2005) (citing <u>Wolff v. McDonnell</u>, 418 U.S. 539, 555 (1974))."  (Paper 10 at 2-3).  A habeas petition challenging disciplinary proceedings is only appropriate when the prisoner is seeking relief that would shorten his period of incarceration.  <u>See</u> <u>id.</u> (citing <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 489 (1973)).

Because Wool admits in his dismissal notice that he has not been the subject of disciplinary proceedings, he cannot be arguing that his challenge would result in less prison time.  Indeed, his filing should be construed as

4

challenging the prison's disciplinary proceedings generally.  I therefore recommend that the Court construe Wool's filing as a complaint filed pursuant to 42 U.S.C. § 1983.  See Wilkinson, 125 S. Ct. at 1246-47; Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997) (*pro se* petitions should be characterized according to the relief sought, and not to the label given to them by *pro se* prisoners unlearned in the law).

The next issue is whether to simply allow Wool's voluntary dismissal by means of a notice.  Fed. R. Civ. P. 41(a) allows a plaintiff to file a notice of dismissal before "an answer or . . . a motion for summary judgment, whichever first occurs" has been served by the adverse party.  In cases such as this, where the opposing party has filed an answer, leave of court is required and may be granted "upon such terms and conditions as the court deems proper."  Fed. R. Civ. P. 41(a)(2).  The Court should, therefore, construe Wool's notice of dismissal as a motion to dismiss.

The reasons for dismissal in this case are clear. Gold has argued, *inter alia*, lack of standing.  Wool appears to concede this point in his dismissal notice.

5

Consequently, dismissal without prejudice for lack of standing is appropriate, and both parties' motions for dismissal (Papers 10 and 13) should be GRANTED.

Finally, Wool's claims brought on behalf of other prisoners should also be dismissed.  Wool's complaint names himself and "all other Vermont inmates similarly situated" as the parties bringing suit.  However, a *pro se* litigant cannot bring a claim on behalf of others.  See McLeod v. Crosson, 1989 WL 28416, at *1 (S.D.N.Y. Mar. 21, 1989); see also Phillips v. Tobin, 548 F.2d 408, 412-15 (2d Cir. 1976); Graham v. Perez, 121 F. Supp. 2d 317, 321 (S.D.N.Y. 2000).  For this reason, any remaining claims brought on behalf of other "similarly situated" inmates should be DISMISSED.

## Conclusion

For the reasons set forth above, I recommend that the Court construe Wool's initial filing (Paper 1) as a complaint filed pursuant to 42 U.S.C. § 1983.  I further recommend that the parties' respective arguments for dismissal (Papers 10 and 13), construed as motions to dismiss, be GRANTED, and that the complaint be DISMISSED without prejudice.

Dated at Burlington, in the District of Vermont, this 18th day of August, 2005.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).